IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADOLPH SPEARS, SR.,                    Case No. 3:13-cv-01743-JE

                 Petitioner,        FINDINGS AND RECOMMENDATION

     v.

MARION FEATHER,

               Respondent.

JELDERKS, Magistrate Judge.

    This 28 U.S.C. § 2241 habeas corpus case comes before the court on respondent's Motion to Dismiss (#14). Specifically, respondent asks the court to dismiss the Petition for Writ of Habeas Corpus (#1) for lack of subject matter jurisdiction because § 2241 is not petitioner's appropriate remedy. For the reasons that follow, the court should grant respondent's Motion to Dismiss the Petition.

///

///

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

On December 7, 2000, petitioner was convicted of conspiracy to distribute cocaine, conspiracy to launder monetary instruments, possession with intent to distribute cocaine, and money laundering. Based upon these convictions, the court imposed concurrent sentences of life and 240 months, respectively, to be followed by a ten-year term of supervised release. Petitioner's direct appeal became final on October 6, 2003 when the U.S. Supreme Court denied certiorari.

On October 18, 2004 petitioner filed his first 28 U.S.C. § 2255 motion which the court denied on April 8, 2009. Petitioner filed a successive § 2255 motion on September 17, 2009, and belatedly filed in the Ninth Circuit Court of Appeals for authorization to do so. The Ninth Circuit denied petitioner's application for leave to file a successive § 2255 motion on February 10, 2010, and denied a second such application on March 16, 2011.

Petitioner next filed a 28 U.S.C. § 2241 habeas corpus case in this District on May 13, 2011 in which he alleged that the Fair Sentencing Act of 2010 constituted an intervening change in the law which retroactively applied to his case and showed that he was convicted of a non-existent offense. On September 27, 2011, the court dismissed the case for lack of subject matter jurisdiction because § 2241 was not petitioner's appropriate remedy.

2 - FINDINGS AND RECOMMENDATION

On March 14, 2013, petitioner filed a motion in his criminal case seeking to reduce his sentence, but the court denied petitioner's motion on September 3, 2013.

Petitioner filed the instant § 2241 habeas corpus case on September 27, 2013. He argues that the Supreme Court's recent decision in *Alleyne v. United States,* 133 S.Ct. 2151 (2013), renders his federal sentence unlawful. Respondent argues that petitioner's sentence comports with the requirements of *Alleyne* and, even if it did not, *Alleyne* does not apply retroactively to cases on collateral review.

## DISCUSSION

A petitioner seeking federal post-conviction relief from a judgment of conviction or sentence is required to bring his collateral attack in a motion to vacate pursuant to 28 U.S.C. § 2255, whereas petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999). Although § 2255 generally provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention, the Ninth Circuit has held that a federal prisoner may challenge the legality of his detention through a § 2241 habeas corpus petition if he can demonstrate that he has never had an "unobstructed procedural shot" at presenting a

claim of innocence. *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003).

Petitioner in this case alleges that in light of *Alleyne*, he is actually innocent as to his sentence.   In this way, he attempts to utilize the Savings Clause or "escape hatch" of § 2255.   A petitioner satisfies the Savings Clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted).   The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

In *Alleyne*, the Supreme Court extended the reach of its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that any fact that increases a mandatory minimum sentence is an element of the offense that must be proven to a jury beyond a reasonable doubt.[1]   133 S.Ct. at 2155.   It is beyond question that

---

[1] *Alleyne* overruled the Supreme Court's prior decision in *Harris v. United States*, 536 U.S. 545 (2002).

4 - FINDINGS AND RECOMMENDATION

at the time of petitioner's sentencing in 2001, he did not have the benefit of the *Alleyne* decision from 2013.  Petitioner claims that the District Court made factual findings regarding the quantity of drugs at issue in the case that increased his minimum sentence and, in light of *Alleyne*, violates the Sixth Amendment.  Respondent, on the other hand, maintains that: (1) petitioner is actually challenging a simple guideline enhancement that has no bearing on a statutory minimum penalty such that *Alleyne* is inapplicable; and (2) the issue of drug quantity pertaining to petitioner's ten-year mandatory minimum sentence was sufficiently presented to the jury and proven beyond a reasonable doubt so as to satisfy *Alleyne*.

The court need not resolve the issue of whether the drug quantity finding in petitioner's case comports with the holding of *Alleyne* because petitioner has not established that *Alleyne* applies to his case.  In order for petitioner to avail himself of the *Alleyne* decision, he must show that *Alleyne* applies retroactively to cases on collateral review.  Not only does petitioner fail to point to any authority applying that decision retroactively to cases on collateral review, but he also concedes that *Alleyne* does not announce a new watershed rule of criminal procedure.  Reply (#15), p. 5; *see also Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (retroactivity is only appropriate for new substantive rules and new watershed rules of criminal procedure).  Moreover, the court's review of this issue indicates that *Alleyne* does not apply

retroactively to cases on collateral review. *See U.S. v. Redd*, 735 F.3d 88, 91-92 (2nd Cir. 2013) (determining *Alleyne* not to be retroactive and noting that its sister Circuits to decide the issue had also reached the same result).

Because *Alleyne* does not apply to petitioner's case, he cannot utilize the escape hatch of § 2255 and properly bring this § 2241 habeas corpus action. Accordingly, the Petition for Writ of Habeas Corpus should be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

For the reasons identified above, the court should grant respondent's Motion to Dismiss (#14) and dismiss the Petition for Writ of Habeas Corpus (#1) for lack of subject matter jurisdiction. The dismissal should be with prejudice to the filing of another 28 U.S.C. § 2241 habeas corpus case raising the same claim. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

6 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  16th  day of April, 2014.


                             /s/ JOHN JELDERKS
                             John Jelderks
                             United States Magistrate Judge


7 - FINDINGS AND RECOMMENDATION